**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

THOMAS PORTER,                          :
                                        :
    Plaintiff,                      :
                                        :
    v.                              :     CIVIL ACTION NO.
                                        :     2:15-CV-00154-RWS-JCF
OCWEN LOAN SERVICING,                   :
LLC,                                    :
                                        :
    Defendant.                      :

## ORDER

This case comes before the Court on Plaintiff's request for injunctive relief found in his Complaint [1].  After considering the record, the Court enters the following Order.

Before a court will grant preliminary injunctive relief, the moving party must establish that: (1) "it has substantial likelihood of success on the merits," (2) it will suffer irreparable injury if the relief is not granted, (3) the threatened injury outweighs the harm the relief may inflict on the non-moving party, and (4) entry of relief "would not be adverse to the public interest." KH Outdoor, LLC v. City of Trussville, 458 F.3d 1261, 1268 (11th Cir. 2006).  "Of these four requisites, the first factor, establishing a substantial likelihood of success

on the merits, is most important . . . ." <u>ABC Charters, Inc. v. Bronson</u>, 591 F.

Supp. 2d 1272, 1294 (S.D. Fla. 2008).

The Court recognizes that Plaintiff is appearing <u>pro se</u>.  Thus, their

complaint is more leniently construed and "held to less stringent standards than

formal pleadings drafted by lawyers." <u>Erickson v. Pardus</u>, 551 U.S. 89, 94

(2007) (citations and internal quotation marks omitted).  However, nothing in

that lenience excuses a plaintiff from compliance with the stringent

requirements to obtain preliminary injunctive relief.

Having reviewed the Complaint [1] and the allegations therein, the Court

finds that Plaintiff has failed to allege sufficient facts to demonstrate a

substantial likelihood of success of any of his claims.  Specifically, the Court

finds that Plaintiff has failed to allege sufficient facts to demonstrate that

Defendant is a "debt collector" under the Fair Debt Collection Practices Act, 15

U.S.C. § 1692, such that judicial foreclosure is required under 15 U.S.C. §

1692i and that validation is required under 15 U.S.C. § 1692g. <u>See, e.g.,</u>

<u>Fenello v. Bank of Am., N.A.,</u> 926 F. Supp. 2d 1342, 1350 (N.D. Ga. 2013)

(holding mortgage servicer was not a "debt collector" for the purpose of

Section 1692g), <u>recons. denied</u>, No. 1:11-CV-4139-WSD, 2013 WL 5965635

(N.D. Ga. Nov. 8, 2013), aff'd sub nom. Fenello v. Bank of Am., NA, 577 F. App'x 899 (11th Cir. 2014).  Accordingly, Plaintiff's request for injunctive relief in his Complaint (Dkt. [1] at 35) is **DENIED**.

Pursuant to Standing Order No. 14-01, the action is hereby **REFERRED** to Magistrate Judge Fuller to hear and determine any pretrial matters pending before the Court and to conduct hearings and submit reports and recommendations to the full extent allowed by 28 U.S.C. § 636(b)(1)(A) and (B).

**SO ORDERED**, this 22nd day of July, 2015.

**RICHARD W. STORY**
United States District Judge

3